UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MEDIA PRODUCTS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-30083-MAP |
| DOES 1-64, | ) ) ) | |
| Defendants. | ) ) | |

### ORDER TO SHOW CAUSE

October 15, 2012

Boal, M.J.

     Plaintiff Media Products, Inc. ("MPI") filed this action against sixty-four John Doe Defendants ("Does") alleging that each Doe committed copyright infringement with respect to one of its copyrighted works, a pornographic motion picture. Complaint, Docket No. 1. MPI alleges that the Does allegedly infringed the copyrighted film by utilizing a protocol known as BitTorrent. BitTorrent is a peer-to-peer file-sharing protocol used for the distribution and sharing of data over the Internet, including files containing digital versions of motion pictures. Third Degree Films v. Does 1-47, __ F. Supp. 2d __, 2012 WL 4498911 (D. Mass. Oct. 2, 2012). In each case, the Doe Defendants are unknown to the Plaintiff, other than by the IP address assigned to them by an Internet Service Provider ("ISP").

     Federal Rule of Civil Procedure 20(a)(2) provides that defendants may be joined in a single action if "any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences," Fed. R. Civ. P. 20(a)(2)(A),

-1-

and "a question of law or fact common to all defendants will arise," Fed. R. Civ. P. 20(a)(2)(B). In a similar case in this District, Judge Richard G. Stearns found joinder impermissible and issued an order to show cause why he should not exercise his discretion under Rule 21 of the Federal Rules of Civil Procedure to sever all of the Doe Defendants but one, while permitting the Plaintiff to refile against each of the defendants in separate actions.  New Sensations, Inc. v. Does 1-201, No. 12-11720, 2012 WL 4370864 (D. Mass. Sept. 21, 2012).

In another similar case, Judge William G. Young found joinder permissible under Rule 20(a).  However, he also found that it was appropriate to exercise his discretion to sever the defendants under Rule 20(b), which provides that the Court has broad discretion to "issue orders–including an order for separate trials–to protect a party against embarrassment, delay, expense, or other prejudice. . ."  Third Degree Films, 2012 WL 4498911 at *6 (quoting Fed. R. Civ. P. 20(b)).  Accordingly, he severed Does 2-47 from that case and dismissed them without prejudice, subject to the Plaintiff filing individual complaints against them within thirty days of the Court's order.  Id. at *10.

In light of the decisions in New Sensations and Third Degree Films, this Court orders MPI to show cause, within the next 14 days, why the District Court should not exercise its discretion, under Rules 20 and 21 of the Federal Rules of Civil Procedure, to sever all of the Doe Defendants except one, subject to MPI filing individual complaints against each of the Doe Defendants in separate actions.  Any subscribers who have filed motions in this case may file a response to MPI's submission within 14 days after its filing.

SO ORDERED.

        /s/ Jennifer C. Boal
        JENNIFER C. BOAL
        United States Magistrate Judge